KUPFERLE BROTHERS MANUFACTURING COMPANY, Respondent, v. WILLIAM SOMERVILLE, Appellant.

**St. Louis Court of Appeals, April 24, 1900.**

**Assumpsit:** QUANTUM MERUIT: TRIAL BY THE COURT. The court gave all the instructions asked by defendant and found the facts against him; no legal error intervening in the trial, and the court's finding being supported by substantial evidence, is conclusive, and the judgment is affirmed.

Appeal from the St. Louis City Circuit Court.—*Hon. Pembrook. R. Flitcraft*, Judge.

AFFIRMED.

*F. J. McMaster* for appellant.

(1)   A person can not be compelled to pay another for services rendered or work done without request or assent expressed or implied.    Mansur v. Murphy, 49 Mo. App. 267; Heimenz v. Georger, 51 Mo. App. 589.    (2)   A person dealing with an agent is bound to ascertain the nature and extent of his authority, and must act with ordinary prudence and reasonable diligence.    If the authority which the agent seeks to exercise is such as would suffice to put an ordinarily prudent man upon his guard, the party dealing with him can not shut his eyes to the real state of the case.    He

should either refuse to deal at all, or should ascertain from the principal the true condition of affairs. This is particularly true where the agent is a stranger, or one with whom the party has not dealt as agent. Mechem on Agency, secs. 289, 290; Johnson v. Hurley, 115 Mo. 513. (3) There is no evidence of the value of the alleged work, to support the finding of the court that defendant was indebted in the sum of $137.38.

*Merrifield W. Huff* and *Frank A. Hobein* for respondent.

(1) There is no merit whatever in this appeal. The record presents simply a question of fact. Appellant has attempted to divide this into two questions by first alleging that the evidence shows that Somerville never ordered the work done, and then alleging that there is no evidence to show that the amounts charged are reasonable for the services rendered. The first proposition is the one on which defendant at first relied. It is unnecessary for us to cite authorities to the effect that the appellate court will not disturb a verdict because of the weight of the evidence. There being no error in the record, we ask that the case be affirmed.

BOND, J.—Action for the reasonable value of work and materials done and furnished at the alleged request of defendant. On a trial in the circuit court, after an appeal from a judgment in a justice's court, where the suit was begun, there was evidence tending to prove the cause of action alleged. The court, to whom the cause was submitted without a jury, gave all the instructions requested by defendant, and made a finding and rendered judgment for plaintiff, from which this appeal was taken by defendant.

The only error assigned relates to the sufficiency of the evidence to support the judgment. The work in question

was the repair of certain boilers in a building belonging to defendant. The janitor of the building testified in substance that, under instructions from defendant, he requested plaintiff to make the repairs. The bill clerk of plaintiff testified to the reception of the order for the work and the reasonableness of the charges. Other witnesses testified to the performance of the work and the furnishing of the materials. The trier of the facts saw proper to credit this testimony and to disbelieve that of a contrary nature adduced by defendant.

No legal error intervened on the trial, and his finding being thus supported by substantial evidence is conclusive on this appeal, hence the judgment is affirmed.

Judge *Bland*, concurs; Judge *Biggs*, absent.